UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JAMES STEVEN LEE,<br><br>Defendant/Movant. | No. 5:20-CR-45-KKC-HAI<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral, the undersigned considers a motion filed by James Steven Lee pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. D.E. 148. Lee was indicted in the above-captioned case on March 26, 2020, on charges of possessing with the intent to distribute 50 grams or more of a mixture or substance of methamphetamine and with conspiring to do same. D.E. 8. A superseding indictment charged that, in addition, he (1) conspired "with others to possess with intent to distribute 400 grams of a mixture or substance containing a detectable amount of fentanyl," (2) "did knowingly and intentionally distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl[,]" (3) knowingly and intentionally possessed "with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl[,]" and (4) possessed a firearm "in violation of 18 U.S.C. § 922(g)(1)." D.E. 51.

Lee eventually pled guilty to Counts 2, 4, and 7 of the superseding indictment. D.E. 77 at 1; D.E. 100 at 1. In exchange, the United States agreed to (among other things) "move at sentencing to dismiss the remaining counts of the Superseding Indictment and the Indictment."

D.E. 77 at 1. The United States complied with that promise. *See* D.E. 100 at 1. As part of Lee's plea agreement, he waived "the right to collaterally attack the guilty plea, conviction, and sentence" on any ground other than ineffective assistance of counsel. D.E. 77 at 5. The plea agreement, which Lee signed states that "[t]he Defendant … acknowledge[s] that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement[] to the Defendant, and that the Defendant's entry into this Agreement is voluntary." *Id*. at 7. Lee makes no contrary assertion in his section 2255 motion or reply brief.

Judgment was entered against Lee on July 22, 2021. D.E. 100. No appeal was taken. Lee now seeks relief under 28 U.S.C. § 2255, claiming that his conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment.[1] D.E. 148. Because Lee's claim is barred by his plea agreement and the undersigned has previously concluded that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment, the undersigned **RECOMMENDS** that his section 2255 motion be **DENIED**.

## I. Plea Agreement Waiver

"[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). "A defendant may waive any right, even a constitutional one, in a plea agreement, if he relinquishes that right knowingly and voluntarily." *Portis v. United States*, 33 F.4th 331, 334 (6th Cir. 2022). Here, Lee's plea agreement states that "[t]he Defendant … acknowledge[s] that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement, to the Defendant, and that the Defendant's entry into this Agreement is voluntary."

---

[1] To the extent that Lee makes other arguments supporting his entitlement to relief, they are cursory. Thus, the arguments have been waived. *Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) ([I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation omitted).

D.E. 77 at 7.  And Lee has not subsequently asserted that his plea agreement was not entered voluntarily or intelligently.  Lee agreed, in the plea agreement, that "[e]xcept for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence."  *Id*. at 5.  Both Lee and his attorney's signature appear at the end of the plea agreement.  *Id*. at 7.  Lee's plea agreement waiver forecloses his Second Amendment claim, and he fails to explain why that plea waiver is not enforceable.[2]  That is sufficient to deny Lee's section 2255 motion.

## II. Section 922(g)(1) does not violate the Second Amendment

The Second Amendment provides that "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. Amend II.  "[T]he Second Amendment conferred an individual right to keep and bear arms."  *District of Columbia. v. Heller*, 554 U.S. 570, 595 (2008).  "The constitutional right to [keep and] bear arms … is not a second-class right."  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 70 (2022).  Still, the right is not unlimited.  *Heller*, 554 U.S. at 626.  "The Second Amendment permits more than just those regulations identical to ones that could be found in 1791." *United States v. Rahimi*, 144 S. Ct. 1889, 1897-98 (2024).  But, whatever the limits on that right are, the government may not disarm Lee "simply because he is not responsible." *Id*. at 1903.

The Second Amendment inquiry has two steps.  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022).

---

[2] Lee vaguely addresses other procedural barriers that the United States asserts bar his claim.  *See* D.E. 153 at 10-12. In particular, he refers to the denial of relief as constituting a miscarriage of justice.  *Id*. at 12. It remains an open question in the Sixth Circuit whether a plea waiver is unenforceable when the Movant can establish that enforcing the waiver will result in a miscarriage of justice.  *Portis v. United States*, 33 F.4th 331, 339 (6th Cir. 2022).  But, even if Lee were to prevail on any of these procedural issues, his claim clearly fails on the merits for the reasons discussed in the next section of this Recommended Disposition.

First, courts must determine "whether the plain text protects [an individual's] … course of conduct." *Id*. at 31.  If so, "the Constitution presumptively protects the conduct." *Id*. at 17.  *Heller* explained that the phrase "the people" in the Second Amendment should be interpreted conterminously with how the phrase "the people" is used in other amendments to the Constitution. *Heller*, 554 U.S. at 580 (quoting *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990)). And felons are protected by both the First and Fourth Amendment.  *Pell v. Procunier*, 417 U.S. 817, 821 (1974) (First Amendment); *United States v. Conley*, 453 F.3d 674, 679 (6th Cir. 2006) (Fourth Amendment).

Step two requires courts to consider "whether the challenged regulation is consistent with the principles that underpin [the United States's] regulatory tradition." *Rahimi*, 144 S.Ct. at 1898. "A court must ascertain whether the new law is relevantly similar to laws that our tradition is understood to permit, applying faithfully the balance struck by the founding generation to modern circumstances." *Id*. (internal quotations omitted). "Why and how the regulation burdens the right are central to this inquiry." *Id*. (internal citation omitted).  The Supreme Court has twice suggested that felon-in-possession statutes are constitutional without actually deciding that question. *Rahimi*, 144 S. Ct. at 1902; *Heller*, 554 U.S. at 626.

District Judge Caldwell has previously concluded that section 922(g)(1) is constitutional as applied to a felon whose prior convictions were "(1) trafficking in a controlled substance in the first degree; (2) trafficking in a controlled substance in the second degree; and ([3]) assault in the second degree." *United States v. Starghill*, No. 7:19-CR-5-KKC-EBA-1, 2023 WL 7385777, at *2 n. 1 (E.D. Ky. Nov. 8, 2023).  Judge Caldwell has also concluded that the statute is constitutional as applied to a felon whose prior felonies were "(1) wanton endangerment in the first degree; (2) carrying a concealed deadly weapon; and (3) minor in possession of a firearm."

4

*United States v. Sleet*, No. 5:23-CR-46-KKC, 2023 WL 5987210, at *1 (E.D. Ky. Sept. 14, 2023). Agreeing with those analyses, the undersigned recently recommended denial of a similar claim, and Chief Judge Reeves adopted that recommendation. *See* D.E. 65, 66 in *United States v. Smith*, No. 5:22-CR-42-DCR-HAI.

Lee's previous felony was trafficking in a controlled substance in the first degree (Ky. Rev. Stat. 218.1412), which means that he can be prohibited from possessing a firearm consistent with the Second Amendment. D.E. 51 at 3-4; *United States v. Goins*, 647 F. Supp. 3d 538, 555 (E.D. Ky. 2022) (individual previously convicted of possession of controlled substance could be prohibited from owning a firearm consistent with the Second Amendment). Thus, even if Lee's Second Amendment claim was not barred by his plea agreement waiver, it fails on the merits.

### III. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Lee's section 2255 motion (D.E. 148) be **DENIED**.

The Court further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to Lee's Second Amendment claim. Reasonable jurists would not debate whether Lee's section 2255 motion should be granted.

This case does not warrant an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, Lee identifies no issue that would entitle him to relief if he can establish facts that the government has disputed.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 29th day of July, 2024.



Signed By:
*Hanly A. Ingram*
**United States Magistrate Judge**