UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>v.<br><br>**JAMES STEVEN LEE,**<br><br>    **Defendant.** | CRIMINAL NO. 5:20-CR-45-KKC-HAI<br>CIVIL NO. 5:24-CV-135-KKC-HAI<br><br><br><br>**OPINION AND ORDER** |

*******************

This matter is before the Court on defendant James Steven Lee's motion to vacate his 18 U.S.C. § 922(g)(1) conviction under 28 U.S.C. § 2255 (DE 148) and Magistrate Judge Hanly A. Ingram's recommended disposition (DE 154) that the motion be denied.

**I.   Background**

The defendant pleaded guilty to one count of conspiracy to possess with intent to distribute 400 grams or more of a substance containing a detectable amount of fentanyl; one count of aiding and abetting and possession with intent to distribute 50 grams or more of methamphetamine; and one count of possession of firearms by a convicted felon. (DE 100 at 1.) The Court sentenced the defendant to 188 months of imprisonment. (*Id.* at 2.) As part of his plea agreement, the defendant waived his ability to collaterally attack his guilty plea, conviction, and sentence on any ground other than ineffective assistance of counsel. (DE 77.) The defendant did not take an appeal, but now argues that his 18 U.S.C. § 922(g)(1) conviction must be vacated because it violates the Second Amendment. (DE 148 at 4.)

The magistrate judge concluded that this challenge is procedurally barred by the defendant's waiver in his plea agreement. (DE 77 at 5.) The record shows that the defendant entered into his plea agreement both voluntarily and intelligently, and he has not argued otherwise. The magistrate judge further analyzed the defendant's Second Amendment argument and found that it fails on the merits. (DE 154 at 3-5.) Accordingly, the magistrate judge entered a recommendation that the defendant's petition be denied.

On August 16, 2024, the Court received a filing from Lee in which he asked for an extension to file his full objections to the recommendation. (DE 155.) The Court granted him a thirty-day extension to file his objections. (DE 156.) Now that Lee has filed his objections to the recommendation (DE 157), this matter is ripe for the Court's review.

**II.     Analysis**

First, Lee argues that his plea agreement waiver does not bar his constitutional challenge. (DE 157 at 1.) He cites to *Class v. United States*, 583 U.S. 174 (2018), in support of his argument. *Class* held that a guilty plea, by itself, does not bar "a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." 583 U.S. 174, 178 (2018). But in that case, the Supreme Court emphasized that there was no express waiver of the right to appeal in the written plea agreement. *Id.* at 184-85.

Here, the defendant expressly waived "the right to appeal the guilty plea and conviction" and "the right to attack collaterally the guilty plea, conviction, and sentence." (DE 77 at 5.) Such a distinction makes *Class* inapplicable. Further, the Sixth Circuit has made it clear that waiver provisions in plea agreements remain enforceable despite changes in the law. *See Cox v. United States*, 695 F. App'x 851, 852 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490-92 (6th Cir. 2017). The Supreme Court's holding in *Class* does not apply here because Lee waived his right to appeal or collaterally attack his conviction. Accordingly,

the defendant's objection to the magistrate judge's finding that he waived his right to appeal his conviction is overruled.

Next, Lee re-raises his argument that 18 U.S.C. § 922(g)(1) is unconstitutional in his objections to the recommendation. (DE 157 at 2-3.) Even if the defendant's challenge was not procedurally barred by his plea agreement waiver, his argument fails for the reasons set forth in the magistrate judge's recommendation. (DE 154 at 3-5.)

### III. Conclusion

Having reviewed the recommendation and agreeing with its analysis, the Court hereby ORDERS as follows:

1) the defendant's objections to the recommendation (DE 157) are OVERRULED;
2) the magistrate judge's recommended disposition (DE 154) is ADOPTED;
3) the defendant's motion to vacate under 28 U.S.C. § 2255 (DE 148) is DENIED;
4) a Certificate of Appealability will not be issued in this matter, the defendant having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and
5) a judgment consistent with this order and the recommendation will be entered.

This 12th day of September, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY